# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| TERESA ANN PULIDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-00964-WJE |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Teresa Ann Pulido seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Michael Comisky ("ALJ") found that although Ms. Pulido had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to do sedentary work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

## I. Background

Ms. Pulido protectively filed a claim for DIB and SSI on May 2, 2019. (AR 31). She alleges a disability onset date of July 27, 2018, due to lumbar herniated disc, chronic back pain, lumbar radiculopathy, lumbar spondylosis, greater trochanteric bursitis of her lift hip, sacroiliac joint pain, occipital neuralgia, myofascial pain, major depression, and pain amplification

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

syndrome. (*Id.* 31, 37, 465-466). Her claims were denied initially on July 1, 2019. (*Id.* 31). She filed a written request for hearing which was held on January 29, 2020. (*Id.*).

On March 31, 2020, the ALJ denied Ms. Pulido's claims. (*Id.* 28). The ALJ determined that although Ms. Pulido had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 33-36). He also determined that Ms. Pulido had an RFC to perform sedentary work with certain limitations, including:

> [S]he can lift or carry ten pounds. She can stand or walk for two hours in an eight-hour workday. She can sit for six hours in an eight-hour workday. She can push or pull in the limits for lifting and carrying. She can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to vibration. She should not work around hazards such as dangerous machinery or work at unprotected heights. She can work at moderate noise levels. She should avoid concentrated exposure to temperature extremes. She would need to use a cane to ambulate away from the workstation.

(*Id.* 36). During the January 29, 2020 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Pulido's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 43, 445-46). The VE testified that such an individual could perform work as a receptionist bookkeeper, loan clerk, or a telephone sales representative. (*Id.* 43-44, 446).

Following the ALJ's decision, Ms. Pulido filed an appeal with the Appeals Council. (*Id.* 565-66). The Appeals Council denied Ms. Pulido's request for review leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-4). Since Ms. Pulido has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157

(2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Pulido raises two issues in her appeal before the Court. She argues that the mental and physical RFC decisions are not supported by substantial evidence because the ALJ did not account for her non-severe mental impairments and relied on a non-treating physician's opinion. (*See* Doc. 14 at 20-25). The Court finds that substantial evidence supports the RFC decisions because the RFC decisions are consistent with the record as a whole. Accordingly, this Court affirms.

*A.  The mental RFC decision is supported by substantial evidence.*

The claimant's RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotations omitted). The claimant has the burden to prove her RFC. *See Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). To determine a claimant's RFC, an ALJ may afford significant weight to the opinion of a non-treating physician where the opinion is consistent with the evidence as a whole. *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019); *see also Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007). If the ALJ determines that a non-severe impairment does not affect a claimant's ability to work, the ALJ does not need to include the impairment in the RFC, or in the hypothetical question to the VE.

*Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004).

Here, the ALJ properly determined Ms. Pulido's mental RFC. The ALJ determined Ms. Pulido's RFC based on all the relevant evidence in the record, including the medical evidence, observations of physicians, and Ms. Pulido's subjective reports. (AR 36-42; *see Pearsall*, 274 F.3d at 1217-18 (citing *Anderson*, 51 F.3d at 779)). Specifically, the ALJ found that Ms. Pulido testified that medication helped her mental health issues. (AR 37). He also considered Ms. Pulido's minimal mental health treatment, relatively normal mental status examinations, reported daily activities, and an opinion from state agency psychological consultant, Dr. Barbara Markway. (*Id.* 41-42). The ALJ did not err when he found Dr. Markway's opinion persuasive because he concluded that the opinion was consistent with the evidence as a whole. *See Twyford*, 929 F.3d at 518. After considering all the relevant evidence, the ALJ concluded that Ms. Pulido's mental impairments were not severe because they did not affect her ability to work. (AR 35). Therefore, the ALJ properly did not include these impairments in the mental RFC decision. *See Hilkemeyer*, 380 F.3d at 447.

   *B. The physical RFC decision is supported by substantial evidence.*

When determining a claimant's RFC, "[a] treating physician's opinion 'do[es] not automatically control, since the record must be evaluated as a whole.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995)). "It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment." *Hacker v. Barnhart*, 459 F.3d 934, 939 (8th Cir. 2006) (quoting *Harris v. Barnhart*, 356 F.3d 926, 931 (8th Cir. 2004). "The regulations specifically provide that the opinions of non-treating physicians may be considered." *Id.* (citing 20 C.F.R. § 404.1527(f)). Moreover, "an ALJ is permitted to issue a decision without

obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir.1994)).

Here, the ALJ properly formulated Ms. Pulido's physical RFC. The ALJ determined Ms. Pulido's RFC based on all the relevant evidence in the record. (AR 36-42; *see Pearsall*, 274 F.3d at 1217-18 (citing *Anderson*, 51 F.3d at 779)). Specifically, the ALJ evaluated her medical records, which detail her physical impairments, including her back pain, degenerative disc disease, left hip pain, right knee pain, and headaches. (AR 37-39). The ALJ also considered Mr. Pulido's wide range of daily activities, which involve "caregiving, driving, laundry, housework, meal preparation, and hobbies…" (*Id.* 40). The ALJ also found that Ms. Pulido had a consistent work history. (*Id.*). The ALJ then considered the medical opinion evidence of state agency medical consultant, Dr. Donald Gentle. (*Id.* 41). While Dr. Gentle was a non-treating physician, the ALJ was still permitted to consider Dr. Gentle's opinion. (*Id.*; *see Hacker*, 459 F.3d at 939 (citing 20 C.F.R. § 404.1527(f))). Moreover, it was proper for the ALJ to find Dr. Gentle's opinion persuasive because the opinion was consistent with the record as a whole. *See Twyford*, 929 F.3d at 518. Not only was Dr. Gentle's opinion consistent with Ms. Pulido's medical records, daily activities, and work history, but the ALJ specifically found that Dr. Gentle's opinion was consistent with Ms. Pulido's radiographic imaging, physical examinations, conservative treatment measures, and limited symptoms while she was taking her medication. (AR 41). Therefore, the ALJ did not err by finding Dr. Gentle's opinion persuasive. Moreover, the ALJ did not have a duty to further develop the record because the evidence in the record supported the ALJ's RFC decision. (*Id.* 36-42; *see Kamann*, 721 F.3d at 950 (quoting *Naber*, 22 F.3d at 189)).

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Pulido was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 10th day of November 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge